# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

| | |
|---|---|
| COREY DeANGELIS, | Case No. 6:25-cv-00004-CHB-HAI |
| *Plaintiff*, | |
| v. | **ANSWER** |
| PULASKI COUNTY BOARD OF EDUCATION, CINDY PRICE in her official and personal capacities as Chairperson of the Pulaski County Board of Education, REBEKAH BRANSCUM, in her official and personal capacities as Vice-Chair of the Pulaski County Board of Education, LAURA CARRIGAN, in her official and personal capacities as a member of the Pulaski County Board of Education, PATTY EDWARDS, in her official and personal capacities as a member of the Pulaski County Board of Education, DAPHNE TUCKER, in her official and personal capacities as a member of the Pulaski County Board of Education, PATRICK RICHARDSON in his official and personal capacities as Superintendent of Pulaski County School District, and DEFENDANT DOE in their official capacity as the employee-administrator responsible for maintaining the Facebook Account of Pulaski County School District, | |
| *Defendants*. | |

1

Come the Defendants[1], by counsel, and make the following Answer to the Complaint for Declaratory and Injunctive Relief ("Complaint") filed herein.

## FIRST DEFENSE

1. The Complaint fails to comply with FRCP 8(a)(2), as it does not contain a short and plain statement of the claim.

## SECOND DEFENSE

2. The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

3. The Board of Education is not a "person" for purposes of any claim under 42 U.S.C. §1983.

## FOURTH DEFENSE

4. The Board of Education is entitled to immunity under the Eleventh Amendment.

## FIFTH DEFENSE

5. The individual Defendants are entitled to good faith, qualified, qualified official immunity, legislative immunity, as well as immunity under the Paul D. Coverdell Teacher Protection Act of 2001.

## SIXTH DEFENSE

6. These Defendants provisionally plead as affirmative defenses those of FRCP 8(c) and 12(b), as if fully stated herein, with said defenses' applicability, if any, to be determined during discovery.

---

[1] No appearance is made on behalf of "Defendant Doe" who has not been identified, for whom no process has been issued, and who has not been served with process.

## SEVENTH DEFENSE

7. This Defendant and its managerial employees have acted in conformity with all applicable statutes, regulations, common law, and in conformity with the Constitutions of the Commonwealth of Kentucky and the United States of America, and with clear authority to so act.

## EIGHTH DEFENSE

8. The Complaint does not identify any policy, custom, or practice which was adopted, approved, accepted, or acquiesced in by the Board of Education which served as the cause of any injury or damage allegedly sustained by the Plaintiff, nor does the Complaint identify any act or omission by any final policy maker which would give rise to a judgment against this Defendant.

## NINTH DEFENSE

9. The Complaint fails to allege sufficient facts to merit the imposition of municipal liability on the Board of Education; or, in the alternative, the Board of Education is entitled to municipal immunity.

## TENTH DEFENSE

10. To the extent the Complaint purports to assert any claim under State law, the Board of Education is entitled to governmental immunity from suit and damages, as the Board at all relevant times was acting pursuant to its governmental function and was not performing any proprietary function.

## ELEVENTH DEFENSE

11. These Defendants affirmatively plead entitlement to any right of contribution and/or indemnification for the wrongful acts of others.

## TWELFTH DEFENSE

12. These Defendants will incorporate by reference all other applicable defenses and rely upon any other defenses which may become available during discovery or due to changes in the law.

## THIRTEENTH DEFENSE

13. On information and belief, the Plaintiff's conduct as described in the Complaint may have violated the terms of service of the referenced social media platform, such that he does not come to the Court with clean hands.

## FOURTEENTH DEFENSE

14. On information and belief, the Plaintiff's conduct as described in the Complaint may have violated the terms of service of the referenced social media platform, such that he does not come to the Court with clean hands.

## FIFTEENTH DEFENSE

15. On information and belief, the conduct of which the Plaintiff complains was unintentional and *de minimus*, and was voluntarily ceased before the institution of this litigation, such that no relief is warranted or required.

**SIXTEENTH DEFENSE**

16.     The individual elected members of a public board of education play no role in the day-to-day operation of a local school district and have no supervisory or managerial role over employees of a local school district; therefore, the individual Board members are not proper defendants in this action either for declaratory or injunctive relief, or for nominal damages.

**SEVENTEENTH DEFENSE**

17.     There is no vicarious liability or *respondeat superior* liability are unavailable against the individually named Defendants under the theories of relief set forth in the Complaint.

**EIGHTEENTH DEFENSE**

Without waiving the foregoing defenses, these Defendants, for their Answer to the numbered paragraphs of the Complaint, states:

18.     These Defendants deny the premise of the Plaintiff's case as stated in Paragraph 1 of the Complaint, and specifically deny the illegal use of taxpayer resources to advocate against a ballot measure. These Defendants affirmatively aver the right of their government agency to directly engage in government speech under the 1st Amendment as recognized in *Pleasant Grove City v. Summum*, 555 U.S. 460, 468 (2009); and *Rosenberger v. Rector & Visitors of University of Virginia*, 515 U.S. 819, 829-833 (1995).

19. Paragraph 2 of the Complaint expresses the Plaintiff's characterization of the purpose of his case, to which no response is required. To the extent Paragraph 2 of the Complaint makes any assertions of fact, they are denied.

20. These Defendants lack information sufficient to form a belief as to the truth or falsity of Paragraph 3 of the Complaint, and therefore deny same.

21. The Board of Education is a body politic and corporate as established by KRS 160.160. Except as affirmatively stated, these Defendants deny the allegations of Paragraph 4 of the Complaint.

22. These Defendants admit the allegations of Paragraphs 5 through 11 of the Complaint, subject to the Plaintiff identifying some individual fitting the descriptor in Paragraph 11.

23. On information and belief, subject to discovery and the right to assert any defenses which may be available, these Defendants admit the allegations of Paragraphs 12 through 14 of the Complaint.

24. On information and belief, the Defendants generally admit the allegations of Paragraph 15 of the Complaint, without admitting that comments were enabled on every post ever made.

25. On information and belief, the Defendants admit the allegations of Paragraph 16 of the Complaint.

26. These Defendants deny the expression of government speech described in Paragraph 16 of the Complaint constitutes an expenditure of public funds, and therefore deny that the described posts were contrary to the guidance cited in

Paragraph 17 of the Complaint. Moreover, the Kentucky School Boards Association is a voluntary membership organization, not a government agency, such that its guidance has no legal force. Except as affirmatively stated, these Defendants deny the allegations of Paragraph 17 of the Complaint.

27. These Defendants deny the expression of government speech described in Paragraph 16 of the Complaint constitutes even a "'nominal' expenditure of resources and time," and therefore deny that the described posts were contrary to the guidance cited in Paragraph 18 of the Complaint. Moreover, Opinions of the Attorney General lack the force and effect of law. Except as affirmatively stated, these Defendants deny the allegations of Paragraph 18 of the Complaint.

28. The "longstanding guidance" cited in Paragraph 18 of the Complaint was derived from a 1974 Opinion of the Attorney General, and therefore could not have been based on KRS 65.013 or KRS 48.025, which were enacted in 2021. Except as affirmatively stated, these Defendants deny the allegations of Paragraph 19 of the Complaint. To the extent necessary for their defense herein, these Defendants reserve the right to challenge the constitutionality of these statutes under the First Amendment due to the government speech doctrine cited hereinabove.

29. These Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 20 of the Complaint, and therefore deny same.

30. On information and belief, these Defendants admit the Plaintiff commented on the District's Facebook page to express his erroneous opinion that the District had

violated Kentucky law in expressing government speech protected by the First Amendment. Except as affirmatively stated, these Defendants deny the allegations of Paragraph 21 of the Complaint.

31.   These Defendants deny the Plaintiff's characterization of the Attorney General's August 13, 2024, advisory, in which social media posts directly expressing government speech were not referenced either directly or indirectly, and in which the Attorney General expressed no guidance regarding government speech. Except as affirmatively stated, these Defendants deny the allegations of Paragraph 22 of the Complaint.

32.   The letter described in Paragraph 23 of the Complaint speaks for itself. As it was purportedly written on behalf of some unidentified "Pulaski County taxpayers," it has no bearing on the Plaintiff's claims herein and has nothing to do with the Plaintiff's comments on the District's Facebook post. Except as affirmatively stated, these Defendants deny the allegations of Paragraph 23 of the Complaint.

33.   These Defendants admit their described social media posts were removed and that a different message was posted, but deny the prior posts were illegal. Except as affirmatively stated, these Defendants deny the allegations of Paragraph 24 of the Complaint.

34.   On information and belief, after the Plaintiff began posting off-topic comments under unrelated social media posts regarding District events and activities, the District briefly blocked the Plaintiff, without intending to prevent him

8

from viewing the District's Facebook page. Except as affirmatively stated, these Defendants deny the allegations of Paragraph 25 of the Complaint.

35. On information and belief, these Defendants admit the allegations of Paragraph 26 of the Complaint.

36. The letter referenced in Paragraph 27 of the Complaint speaks for itself. Except as affirmatively stated, these Defendants deny the allegations of Paragraph 27 of the Complaint.

37. Any correspondence referenced in Paragraph 28 of the Complaint speaks for itself. These Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 28 of the Complaint and therefore deny same.

38. The Defendants incorporate their responses above to the paragraphs incorporated into Paragraph 29 of the Complaint.

39. Paragraphs 30 through 33 and 35 of the Complaint just make assertions of law, to which no response is required. Except as affirmatively stated, these Defendants deny any factual averments in Paragraph 30 through 33 and 35 of the Complaint.

40. On information and belief, the Defendants deny the purpose or intent alleged in Paragraph 34 of the Complaint, and therefore deny the entirety of Paragraph 34 of the Complaint.

41. On information and belief, the Defendants admit its own First Amendment protected government speech described in Paragraph 36 of the Complaint was a

9

matter of public concern, but deny their speech was illegal as characterized by the Plaintiff, and deny the harassing and disruptive speech by the Plaintiff under unrelated social media posts was of political importance. Except as affirmatively stated, these Defendants deny the allegations of Paragraph 36 of the Complaint.

42. These Defendants deny the allegations of Paragraph 37 of the Complaint. These Defendants expressly aver the Plaintiff was blocked after he engaged in harassing and disruptive speech by posting excessively under unrelated social media posts. Except as affirmatively stated, these Defendants deny the allegations of Paragraph 37 of the Complaint.

43. These Defendants deny the premises and the conclusions of Paragraphs 38 through 40 of the Complaint.

44. These Defendants deny the Plaintiff is entitled to any of the relief sought in Paragraphs A through E of the *ad damnum* clause of his Complaint.

45. These Defendants deny any and all allegations of the Complaint not otherwise admitted or denied hereinabove.

WHEREFORE, having fully answered the Complaint, these Defendants respectfully demand the Complaint be dismissed with prejudice, that nothing be taken thereunder, that these Defendants recover their reasonable costs and expenses herein expended and all other relief to which they may be entitled. If a trial is required, these Defendants requests a jury be empaneled.

        PORTER, BANKS, BALDWIN & SHAW, PLLC
        Jonathan C. Shaw
        Grant R. Chenoweth
        327 Main Street, P.O. Drawer 1767
        Paintsville, Kentucky 41240-1767
        Telephone: (606) 789-3747
        Facsimile: (606) 789-9862

By:   */s/ Jonathan C. Shaw*
        Jonathan C. Shaw
        jshaw@psbb-law.com
        Counsel for the Defendants

**CERTIFICATE OF SERVICE:**

I hereby certify the foregoing Answer was filed electronically on May 10, 2025, using the Court's CM/ECF system, which will, in turn, cause it to be served on all counsel of record.

By:   */s/ Jonathan C. Shaw*
        Jonathan C. Shaw